IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BIANCA MARCELLINO, et al., | Case No. 1:21-cv-01338-PAB |
| Plaintiffs, | |
| -vs- | |
| | JUDGE PAMELA A. BARKER |
| GEAUGA COUNTY HUMANE SOCIETY, et al., | ORDER |
| Defendants. | |

Currently pending before the Court is Plaintiffs Bianca Marcellino's, Karen Marcellino's, and Giancarlo Marcellino's Motion to Extend Time to File Federal Rules of Civil Procedure, R. 12(f) Motion to Strike or in the Alternative to File the Motion Nunc Pro Tunc. (Doc. No. 20.) For the following reasons, Plaintiffs' Motion for Leave to file a Motion to Strike is DENIED.

According to Fed. R. Civ. P. 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Court may do so on a motion made by a party "within 21 days after being served with the pleading." *Id.* On April 27, 2022, Plaintiffs filed the instant Motion, seeking leave to file a motion to strike certain denials within Defendants' Answer. (Doc. No. 20, PageID# 131.) Defendants filed their Answer on September 28, 2021. (Doc. No. 13.) Thus, more than 21 days have elapsed since Defendants served their Answer on Plaintiffs and any motion to strike matters within the Answer would be untimely.

However, Plaintiffs assert that the Court should nevertheless grant Plaintiffs leave to file their otherwise untimely motion to strike because "it was not until April 22, 2022, which is more than 21 days after being served with Defendants' Answer, that Plaintiffs received the attached report of Defendant Christian Courtwright," which purportedly contradicts multiple of Defendants' denials in

their Answer. (Doc. No. 20, PageID# 131.) Plaintiffs claim that "Courtwright's Report is what informed Plaintiffs that there were materially false denials in Defendants' Answer." (*Id.*)

Incredibly, however, Plaintiffs represent in their Reply that they received Courtwright's report *well before filing the instant lawsuit against Defendants*. (Doc. No. 23, PageID# 149, 151.) Plaintiffs first assert:

> Before this lawsuit was filed Defendant Geauga County Humane Society provided the attached document in response to a public records request from Attorney Michela Huth. Ex. C; *See also* Ex. B – email requesting and receiving Ex. B [*sic*]. Exhibit C is a report created by Defendant Courtwright about his probation inspections on Plaintiff Bianca Marcellino's property. **Defendants recently produced this Report in discovery,** and finally admitted to entering on the dates which they had denied in the Answer.

(*Id.* at PageID# 149, emphasis added.) Indeed, appended to Plaintiffs' Reply is a June 15, 2021 email from Attorney Jeffrey Holland, on behalf of Geauga County Humane Society, to Attorney Michela Huth with the subject line "Re: record request Geauga County Humane Society." (Doc. No. 23-1.) Holland attached a document titled "Marcellino followup," which, as set forth above, is the Courtwright Report that Defendants subsequently produced in discovery in April 2022. (*Id.*; *see also* Doc. No. 23, PageID# 149.)

Later in their Reply, Plaintiffs assert:

> Defendants cannot claim they were unaware of Courtwright's Report at the time they answered because as mentioned above, **that Report was provided to Attorney Huth via a public record request prior to the filing of the lawsuit.**

(*Id.* at PageID# 151, emphasis added.)

Plaintiffs' Motion for Leave is denied. According to Plaintiffs' *own Reply*, Defendants' attorney sent Plaintiffs a copy of the Courtwright Report on June 15, 2021 in response to Huth's public records request—21 days before Plaintiffs filed this lawsuit and 105 days before Defendants

filed their Answer. (*See* Doc. No. 23, PageID# 151; Doc. No. 23-1.) Plaintiffs were plainly aware of the Courtwright Report's contents by the time Defendants filed their Answer on September 28, 2021 because Defendants' counsel *had already provided it to them on June 15, 2021*. Plaintiffs could easily have filed a motion to strike within 21 days of receiving Defendants' Answer but instead chose to lie in wait for months before filing the instant Motion seeking leave to file their untimely motion to strike.[1] Accordingly, Plaintiffs' Motion is DENIED.

    **IT IS SO ORDERED**.

Date: May 19, 2022

*s/ Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE

---

[1] Plaintiffs' counsel is reminded of their obligations under Fed. R. Civ. P. 11, as well as their general ethical obligations, to ensure that, when submitting a document to this Court, counsel believes, in good faith, that the document is truthful. Plaintiffs' assertion in their Motion that "it was not until April 22, 2022 . . . that Plaintiffs received" the Courtwright Report is an intentionally misleading misrepresentation of the facts known to Plaintiffs' counsel at the time, because, *according to Plaintiffs' own Reply*, Plaintiffs' counsel already received the Courtwright Report from Defendants' counsel on June 15, 2021. (Doc. No. 23, PageID# 149, 151.)